■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES CARTER, Appellant.— Judgment, Supreme Court, New York County, rendered on August 4, 1971, convicting defendant, upon his plea of guilty, of criminal possession of a dangerous drug in the fifth degree, reversed, on the law, and vacated, and the case remanded for resentencing in accordance with the procedure set forth in sections 207 and 208 of the Mental Hygiene Law and section 60.15 of the Penal Law. Once the court below was apprised of defendant's use of narcotics, it should not have imposed sentence. The defendant should then have been given a medical examination. It was only after receipt of the report of such examination that sentence could be imposed. This is the mandatory procedure outlined in the above-cited sections. (*People* v. *Odom*, 32 A D 2d 651). Concur — Stevens, P. J., Murphy and Capozzoli, JJ.; Kupferman and Steuer, JJ., dissent in the following memorandum by Kupferman, J.: Pursuant to section 210-a of the Mental Hygiene Law, "no order certifying an individual to the care and custody of the Commission shall be effective in any of its terms unless the commission consents to such certification." It is clear that the commission for budget reasons temporarily suspended "in-take for new certifications", letter of April 20, 1971 by the Chairman of the Narcotics Addiction Control Commission to Honorable Thomas F. McCoy, Administrator of the Judicial Conference. See *People* v. *Williams*, (68 Misc 2d 1074) but it is not clear what the current situation is. However, I rest my dissent on more substantial grounds and advert to the foregoing, among other things, to show that funds are in short supply in narcotics matters, and we should use them carefully. At the sentencing for this Class E Felony, section 220.10 of the Penal Law, both the defendant and his counsel made it clear that the defendant's situation was due to his own involvement with drugs, and there was no dispute about it. The sentencing Judge recognizing that fact, stated that if the defendant was simply a user, then the Judge might be persuaded that treatment could be successful, but he had reviewed the defendant's record of a substantial number of narcotics arrests or convictions, and in view thereof was sentencing him to a term not to exceed four years. What the majority here would require is that the defendant be given a medical examination. If he is not an addict, then clearly the action of the sentencing court was proper. If the medical examination shows that he was an addict, then the sentencing court in the exercise of its discretion, subdivision (b) of section 60.15 of the Penal Law would still proceed as it did previously and come to the same conclusion, as was emphasized at the sentencing proceeding on the defendant's contention. No statute would mandate an absolutely useless act to no purpose or avail, and I cannot possibly join in such a conclusion. We have previously accepted the reality of a narcotics situation without requiring a remand (*People* v. *Brown*, 36 A D 2d 600). If we substitute the word "medical" for the word "judicial" in the analysis by the Court of Appeals in *People* v. *Reyes* (26 N Y 2d 97, 100) we have the logical procedure here: "Where, however, such as in the instant case, the defendant after being informed that he has the right to a hearing freely

admits his addiction with the aid of counsel, he is in effect stating that no judicial inquiry is necessary ".